**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SONYA HILL,** ***individually and Heir to Eldridge Ladarwin Hill Estate,*** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-495-P** |
| | § | |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, et al.,** | § | |
| ***Defendants.*** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is Defendants U.S. Bank Trust National Association ("U.S. Bank"), SN Servicing Corporation, Richard E. Anderson, Anderson Vela, L.L.P., and William A. Fogleman's (collectively "Defendants") Second Motion to Dismiss [doc. 30], filed October 3, 2025. Having carefully considered the motion, responses, and *pro se* Plaintiff Sonya Hill's ("Plaintiff") Plaintiff's Sur-Reply, and applicable law, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

## I. RELEVANT FACTUAL BACKGROUND

On May 6, 2025, Plaintiff filed this action against Defendants over what appears to be Defendants' attempt to foreclose on a home equity mortgage encumbering Plaintiff's home. (*See* Plaintiff's First Amended Complaint ("Pl.'s Am. Compl.") at 9.) On May 30, 2025, Defendants filed their first Motion to Dismiss for failure to state a claim. (*See* Defendants' First Motion to Dismiss at 1.) On September 3, 2025, the Court ordered Plaintiff, no later than September 24, 2025, to amend her complaint because Defendants "raised several potentially meritorious reasons as to why some or all of Plaintiff's claims against them should be dismissed [in their Motion to

Dismiss].” (Order Requiring Plaintiff to File an Amended Complaint at 1.) As a result, this Court provided “Plaintiff a final opportunity to amend her complaint to plead her ‘best case’ prior to considering Defendants’ motions.” (*Id.*)

On September 22, 2025, Plaintiff filed her Amended Complaint. In Plaintiff’s Amended Complaint, she alleges the following five claims against Defendants: (1) violations of the Federal Fair Debt Collection Practices Act (“FDCPA”), (2) violations of the Federal Real Estate Settlement Procedures Act (“RESPA”), (3) violations of the Texas Property Code § 51.002, (4) violations of the Texas Deceptive Trade Practices Act (“DTPA”), (5) “Invasion of Privacy / Intrusion Upon Seclusion,” (9) violations of the Fair Credit Reporting Act (“FCRA”). (*See* Pl.’s Am. Compl. at 1-8.) In their Second Motion to Dismiss, Defendants argue that the Court should dismiss all of Plaintiff’s claims for failure to state a claim under Rule 12(b)(6). (*See generally* Defendants’ Second Motion to Dismiss (“Defs.’ Mot. to Dismiss”).) In Plaintiff’s sur-reply, she requests that she be able to withdraw all her claims except for “Count I: Violations of the Fair Debt Collection Practices Act.” (Plaintiff’s Sur-Reply at 2.)

## II. LEGAL STANDARD

Rule 12 (b)(6) authorizes the dismissal of a complaint that fails “to state a claim upon which relief can be granted.” Fed. R. Civ. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)’s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the

complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff

has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir. 2003).

## III. DISCUSSION

### A. Count I: Violation of the FDCPA

As stated above, Defendants argue that Plaintiff has failed to state a claim against any Defendant under the FDCPA because her "complaint is devoid of any factual allegations that would give rise to any claims under the FDCPA." (Defendants' Motion to Dismiss at 3, 15.) "To state a claim under the FDCPA, [a] plaintiff must show: (1) [s]he was the object of collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Polk v. MVConnect, LLC,* No. 21-cv-75, 2022 WL 1747000, at *2 (S.D. Tex. May 31, 2022) (citing *Douglas v. Select Portfolio Servicing, Inc.*, No. 14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015)). The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Additionally, the FDCPA also includes in the definition of debt collector "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C.A. § 1692a(6). However, those considered debt collectors because the principal purpose of their business is the enforcement of security interests need only abide by section 1692f(6) of the FDCPA. *See* 15 U.S.C.A. § 1692a(6); *see also Obduskey v. McCarthey & Holthus, LLP*, 586 U.S. 466, 1038 (2019).

In this case, Plaintiff has failed to adequately allege that Defendants are debt collectors. Plaintiff alleges that SN Servicing Corporation is a debt collector because "SN Servicing has communicated with Plaintiff regarding the collection of an alleged debt and has identified itself as a debt collector in correspondence." (Pl.'s Am. Compl. at 2.) Plaintiff alleges that Richard E. Anderson ("Anderson") and his law firm are debt collectors because Anderson "has sent collection letters to Plaintiff identifying himself as a debt collector . . . [and] acted in the capacity of a third-party debt collector, not solely as legal counsel." (Pl.'s Am. Compl. at 2 (citation omitted).) Plaintiff alleges that William A. Fogleman is a debt collector because "Defendant Fogleman sent multiple written correspondences to Plaintiff identifying himself as a debt collector." (Pl.'s Am. Compl. at 2 (citation omitted).) Plaintiff does not explicitly allege why U.S. Bank is a debt collector under the FDCPA. (*See* Plaintiff's Amended Complaint at 1-62.)

As outlined in detail above, a debt collector under the FDCPA is any person whose "business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted or due another" or whose "business the principal purpose of which is the enforcement of security interests." 15 U.S.C.A. § 1692a(6). Contrary to Plaintiff's allegations, a person is not transformed into a debt collector under the FDCPA simply by attempting to collect a debt or by identifying themselves as debt collectors in correspondence. *See Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 787 n.6 (S.D. Miss. 2008); *see also Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-CV-0927-B, 2023 WL 3000623, at *7 (N.D. Tex. Apr. 18, 2023) (dismissing FDCPA claims for failure to allege facts showing Defendants regularly engaged in debt collection or Defendants' principal purpose was debt collection). As such, since Plaintiff has not alleged facts showing that the Defendants meet the definitions of debt collector under the FDCPA, she has failed "to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for violations of FDCPA and that such claims be **DISMISSED WITH PREJUDICE**.

### B. Plaintiff's additional claims

As set forth above, in Plaintiff's Sur-Reply, she requested to withdraw all her claims and "proceed[ed] SOLELY on Count I: Violations of the Fair Debt Collection Practices Act." (Pl.'s Sur-Reply at 2.) Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's remaining claims and that such claims also be **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendants' Second Motion to Dismiss [doc. 30] be **GRANTED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 4, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 20, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE