UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SONYA HILL, INDIVIDUALLY AND HEIR TO ELDRIDGE LADARWIN HILL ESTATE,**

Plaintiff,

v. **No. 4:25-cv-0495-P**

**U.S. BANK TRUST NATIONAL ASSOCIATION, ET AL.,**

Defendants.

## ORDER

Defendant filed a Motion to Dismiss for Failure to State a Claim ("Motion") on October 3, 2025. *See* ECF No. 30. The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on November 11, 2025. ECF No. 41. The FCR recommended that this case be dismissed because Plaintiff did not allege facts showing that the Defendants met the definitions of debt collector under the FDCPA, and thus Plaintiff failed state a claim upon which relief can be granted. Plaintiff objected to the FCR on December 2, 2025. ECF No. 42. Defendants filed their Response to Plaintiff's Objections on December 5, 2025. After conducting a de novo review, the Court concludes that the Motion is **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff filed this action on May 6, 2025, challenging Defendants' attempts to foreclose on a home-equity mortgage encumbering her residence. *See* ECF No. 1. Defendants moved to dismiss on May 30, 2025. *See* ECF No. 6. On September 3, 2025, the Court ordered Plaintiff to amend her complaint by September 24, 2025, noting that Defendants had raised meritorious grounds for dismissal, giving Plaintiff a final

chance to amend her pleadings. *See* ECF No. 22. Plaintiff filed her Amended Complaint on September 22, 2025, asserting claims under the FDCPA, RESPA, Texas Property Code § 51.002, the DTPA, invasion of privacy, and the FCRA. *See* ECF No. 28. Defendants then filed a Second Motion to Dismiss, seeking dismissal of all claims under Rule 12(b)(6). *See* ECF No. 30. In her sur-reply, Plaintiff asked to withdraw all claims except her FDCPA claim. *See* ECF No. 40. The Magistrate Judge issued its FCR, and Plaintiff timely objected. The Court now reviews the matter *de novo*.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR regarding Plaintiff's complaint and reviews Plaintiff's objections in the order they were raised.

### B. Plaintiff's Objections

1. Defendants' communications are debt collection communications as a matter of law.[1]

In her objections, Plaintiff continues to rehearse arguments made in her Amended Complaint that Defendant's engaged in debt collection communications and qualify as Debt Collectors under the FDCPA.

To the contrary, Plaintiff has not plausibly alleged that any Defendant qualifies as a debt collector. Plaintiff asserts that Defendants are debt collectors based on letters and communciations containing

[1] For the sake of efficiency, the Court has consolidated two objections: 1) An objection asserting that Defendants engaged in debt collection communication and are thus debt collectors and 2) the objection asserting that Richard Anderson and his law firm acted as debt collectors.

language such as "[t]his communication is from a debt collector" or "[t]his is an attempt to collect a debt. See ECF No. 42 at 4. These allegations largely mirror the allegations made in the Amended Complaint where Plaintiff alleges that Defendant SN Servicing Corporation is a debt collector because it "has communicated with Plaintiff regarding the collection of an alleged debt and has identified itself as a debt collector in correspondence." ECF No. 28 at 2. Plaintiff similarly objects that Defendants Richard E. Anderson and his law firm are debt collectors because they identified themselves as a debt collector and engaged in debt collection communications. *Id.* at 2.

However, as the Magistrate Judge reasoned in his FCR, the FDCPA defines a debt collector as any person "whose business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be due another," or any person whose "business the principal purpose of which is the enforcement of security interests." 15 U.S.C.A. § 1692a(6). Plaintiff's allegations do not satisfy this definition. The mere fact that a person attempts to collect a debt, or even describes themselves as a debt collector in correspondence, does not, standing alone, make that person a debt collector under the FDCPA. *See Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-CV-0927-B, 2023 WL 3000623, at *7 (N.D. Tex. Apr. 18, 2023) (dismissing FDCPA claims where plaintiff failed to allege that defendants regularly engaged in debt collection or that debt collection was their principal purpose). Because Plaintiff has not alleged facts showing that any Defendant satisfies the statutory definition of a debt collector, she has not "state[d] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff's objection is **OVERRULED**.

2. <u>Defendants sent debt collection letters to a deceased person, constituting a FDCPA violation.</u>

Because the Court has determined that the FDCPA does not apply to Defendants, no analysis on whether the FDCPA has been violated is necessary. Plaintiff's objection is **OVERRULED**.

3. Defendants lacked authority to collect a debt under the FDCPA

Similarly, because the Court has determined that the FDCPA does not apply to Defendants, no analysis on whether the Defendants had authority to collect pursuant to the FDCPA is necessary. Plaintiff's objection is **OVERRULED**.

4. Multiple FDCPA violations are shown in various exhibits

Plaintiff objects that exhibits A-1 through A-6, B-1 through B-2, and C-1 through C-2 show evidence of violations of the FDCPA. Because the FDCPA does not apply to Defendants, Plaintiff's objection is **OVERRULED**.

## CONCLUSION

After reviewing the FCR *de novo*, the Court concludes that Defendants' Motion is **GRANTED** and **OVERRULES** Plaintiff's Objections to the Magistrate Judge's FCR. ECF No. 42. Plaintiff's claims against Defendants are thus **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on this **11th day** of **December 2025.**

Mark T. Pittman

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE